UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EVERETT COX #235218,

        Plaintiff,         Case No. 2:08-cv-56

v.         Honorable Robert Holmes Bell

C. MARCOTTE, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.     Factual allegations

Plaintiff Everett Cox, an inmate at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Officer C. Marcotte, Resident Unit Officer R. Champion, Unknown Party Second Shift Staff from December 31, 2005, Resident Unit Manager Jeffery Larson, Resident Unit Officer Unknown Hill, Lieutenant Unknown Converse, and Resident Unit Officer M. Carter. Plaintiff's case was originally filed in the Eastern District of Michigan and was transferred to this court by the Honorable Denise Page Hood.

Plaintiff alleges in his complaint that Defendant Converse deliberately allowed Defendants Marcotte and Carter to throw away Plaintiff's property after Plaintiff "allegedly" assaulted another officer. Defendant Converse failed to ensure that Plaintiff was given a property receipt or any other record of his seized property. Plaintiff claims that Defendants Converse, Marcotte, and Carter were motivated by a desire to retaliate against him for his "alleged" assault, as well as for threatening to file a grievance should his property come up missing. Plaintiff also states that he is African American and that Defendant Converse has "ensured that white prisoners' property was secured under the same circumstances." Plaintiff alleges that Defendants Marcotte and Carter falsely claimed that Plaintiff's property had feces all over it in order to justify taking the property. Plaintiff seeks damages.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the undersigned notes that Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part* by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due-process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *Mitchell v. Fankhauser*, 375 F.3d 477, 483-84 (6th Cir. 2004). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the

institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112 ¶ II(B) (effective Sept. 24, 1998). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112 ¶ II(B). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a); *see Green v. State Corrections Dep't*, 192 N.W.2d 491 (Mich. 1971) (state liable for tortuous injury sustained by a sentenced convict at the Detroit House of Correction). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, the undersigned recommends dismissal of Plaintiff's due process claims.

Plaintiff claims that Defendants acted with the desire to retaliate against him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The undersigned notes that Plaintiff's claim that he was retaliated against for an alleged assault lacks merit as he was not engaged in protected conduct. Moreover, the adverse action allegedly taken against him was not sufficient to deter a person of ordinary firmness from engaging in that conduct. In addition, it is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "Merely alleging the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. April 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. March 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. Therefore, the undersigned recommends dismissal of Plaintiff's retaliation claims.

Finally, Plaintiff claims that Defendants violated his equal protection rights because he was treated differently from similarly situated white prisoners. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. He merely states that he merely states that he is being treated differently because he is African American. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.

*See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   May 15, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).